CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/30/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SARAH LEITNER, <br><br> *Plaintiff*, <br><br> v. <br><br> LIBERTY UNIVERSITY, INC., *et al.*, <br><br> *Defendants*. | CASE NO. 6:19-cv-00029 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This Court previously issued a lengthy memorandum opinion and order, which granted Defendants' motions to dismiss the second amended complaint of Plaintiff Sarah Leitner, proceeding *pro se*. Dkts. 49, 50; *see also Leitner v. Liberty Univ.*, No. 6:19-cv-29, 2020 WL 7128972 (W.D. Va. Dec. 4, 2020). In her 124-page second amended complaint against Liberty, Plaintiff had raised thirteen claims arising out of the circumstances of her unfavorable discontinuation of enrollment in Liberty's Counselor Education & Supervision ("CES") doctoral program and her internships in that program. *See* Dkt. 17; *see also Leitner*, 2020 WL 7128972, at *1–4 (describing certain allegations). In the prior opinion and order, the Court dismissed twelve of Plaintiff's counts *with prejudice*. Dkt. 49 at 1. However, the Court dismissed *without prejudice* Plaintiff's claim of disability discrimination (Count VI), and further "afford[ed] Plaintiff leave to amend to include and clearly identify any factual allegations to support her claim that either set of Defendants discriminated against her on account of her child's disabilities." *Id.* at 2. The Court permitted Plaintiff to file a third amended complaint in a format that would readily identify any differences in her allegations. *Id.*

1

Plaintiff submitted a third amended complaint, which reflected that she had deleted the allegations in one paragraph, and modified the allegations in another paragraph, of her 124-page complaint. *See* Dkt. 58 at 98–99 (¶¶ 386, 387); Dkt. 57 (clean version). Thereafter, Defendants filed motions to dismiss the Plaintiff's remaining associational discrimination claim in Count VI, Dkts. 62, 65, and Plaintiff filed a motion for reconsideration of this Court's prior order and opinion, Dkt. 60. The Court will address the parties' arguments on Plaintiff's remaining claim first, before taking up Plaintiff's reconsideration motion.

*Motions to Dismiss Remaining Claim (Count VI)*

In its previous opinion, the Court addressed Plaintiff's claim of "associational discrimination" by Liberty Defendants on account of her child's disability. *Leitner*, 2020 WL 7128972, at *7–9. The Court explained that "the Fourth Circuit has held that '[t]he ADA does not require an employer to restructure an employee's work schedule to enable the employee to care for a relative with a disability.'" *Id.* at *8 (quoting *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 214 (4th Cir. 1994)). Under this precedent, an associational discrimination case could be made if the employer made an "unfounded assumption" that an employee would have to miss work to take care of a disabled relative; however, where termination resulted from the employee's "record of past absences and [her] clear indication that she needed additional time off," the Fourth Circuit held the employee could not make out an associational discrimination claim. *Tyndall*, 31 F.3d at 214–15. The Court explained that Plaintiff must be qualified to do her job to make out an adverse employment action claim, which meant "both having the skills to do the job and the ability to show up when needed." *Leitner*, 2020 WL 7128972, at *8 (quoting *Schmitz v. Alamance-Burlington Bd. of Educ.*, No. 1:18-cv-910, 2020 WL 924545, at *8 (M.D.N.C. Feb. 26, 2020)). "In addition to possessing the skills necessary to perform the job in

question, an employee must be willing and able to demonstrate these skills by coming to work on a regular basis." *Tyndall*, 31 F.3d at 213.

Applying this precedent, the Court explained that Plaintiff had "largely pleaded herself out of an associational discrimination claim," in view of her allegations that *her child's health and home care situation* rendered Plaintiff "*unable* to complete her internship." *Leitner*, 2020 WL 7128972, at *8 (citing ¶¶ 95, 96, 182). The Court concluded that the second amended complaint "does not state a plausible associational discrimination claim," because "the allegations in the complaint fail to satisfy the requirement that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of her child was 'a determining factor' in the employer's decision," and because they "fail[ed] to establish that Plaintiff was otherwise qualified for the position." *Id.* at *8 (citations omitted). However, the Court "afford[ed] Plaintiff leave to amend her complaint to attempt to remedy those deficiencies and to state a plausible associational discrimination claim, including any allegations that would tend to establish: (1) Plaintiff was qualified for her position; (2) the defendants took an adverse employment action against her on account of her child's disability, or that the circumstances raise the reasonable inference that her child's disability was a determining factor in the adverse employment action; and (3) such adverse employment action was based on an 'unfounded assumption' about future absences by Plaintiff, rather than the record of absences before such adverse employment action." *Id.* at *9.

Plaintiff's third amended complaint suffers from the same deficiencies on this issue as the second amended complaint; and her new or modified allegations do not contain any factual content, taken as true, as would tend to support any (much less all) of the deficiencies noted in the Court's prior opinion. The Court agrees with Liberty's characterization of the third amended

3

complaint that Plaintiff "has not said anything new," and that she "still has not alleged that she was qualified for the CES program," nor "alleged any connection between her expulsion and her child's disability," nor "explained how any Liberty Defendant took any action against her based on unfounded assumptions," rather than prior absences or shortcomings in performance. Dkt. 63 at 4. In her third amended complaint, Plaintiff still alleges that *her child's health and home care situation* rendered Plaintiff "*unable* to complete her internship," Dkt. 57 ¶ 182 (emphasis added), which undermines her associational discrimination claim. *See Leitner*, 2020 WL 7128972, at *8. Her only modified allegation in the third amended complaint references a "letter of concern" about her emotional state after she emailed Liberty faculty about her daughter. Dkt. 57 ¶ 387. But that is not a new allegation at all—indeed, Plaintiff previously identified it in several paragraphs in the second amended complaint. *Id.* ¶¶ 192–93, 385. These allegations do nothing to, for example, establish her qualifications for the position, or that adverse employment action was based upon "unfounded assumptions" about future absences, or otherwise substantiate any of the deficiencies in her associational discrimination claim. *See Leitner*, 2020 WL 7128972, at *8. Plaintiff's allegations bear out now—as they did in the second amended complaint—that Defendants knew about her child's disability. Indeed, Plaintiff appears to have affirmatively raised it in numerous communications. But, as described, more is required of Plaintiff's allegations in order to state a plausible associational discrimination claim, which Plaintiff still has not done. The Court will grant Defendants' motions to dismiss, and the sole remaining count in Plaintiff's third amended complaint will be dismissed *with prejudice*.

*Plaintiff's Motion for Reconsideration*

"Courts have subsequently distilled the grounds for a Rule 54(b) motion for reconsideration to (1) an intervening change in the law, (2) new evidence that was not previously

4

available, or (3) correction of a clear error of law or to prevent manifest injustice. Such motions are disfavored and should be granted 'sparingly.'" *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (citations omitted). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.*[1] The Court will afford Plaintiff's motion for reconsideration a liberal construction and reading, in view of her status as a *pro se* litigant.

*First*, Plaintiff has not demonstrated that reconsideration is warranted of the Court's rulings dismissing her breach of contract, tortious interference with contract, and breach of covenant of good faith & fair dealing claims. *See* Dkt. 60 at 3–5. Plaintiff's argument pertaining to a "Financial Responsibility Agreement" or "FRA," appears to be an entirely new theory raised solely on reconsideration, and which has no basis in the underlying allegations of the second amended complaint. Thus, the argument does not warrant reconsideration. *Id.* at 4. Plaintiff's other arguments pertaining to Liberty appear to merely restate arguments previously raised, and rejected, by the Court, *Leitner*, 2020 WL 7128972, at *3–5, 7, and do not satisfy any of the limited circumstances warranting reconsideration, *Wooten*, 168 F. Supp. 3d at 893. Plaintiff argues whether there was an oral contract vis-à-vis the Shield Ministries Defendants and requests reconsideration of Count I in that regard, Dkt. 60 at 5, but Plaintiff did not even bring a breach of

---

[1] The Court's analysis in this case would have been materially the same had it proceeded to consider Plaintiff's motion for reconsideration under Fed. R. Civ. P. 59 or 60. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (explaining that reconsideration "is an extraordinary remedy that should be applied sparingly"). However, the prior decision was not a "final judgment," and so Plaintiff's motion should be considered under Fed. R. Civ. P. 54.

5

contract claim in Count I against Shield Ministries Defendants (Dkt. 17 at 85), and Plaintiff may not seek to add the claim against them in her reconsideration motion.

*Second*, Plaintiff's argument that the Court revisit its decision rejecting her claims of fraud—to the extent it can be discerned—similarly fails. *See* Dkt. 60 at 5–6. To the extent she claims this Court's prior ruling on the issue misapprehended certain factual allegations, *id.* at 5, Plaintiff's arguments do not identify, much less substantiate, any perceived error in this Court's legal basis for its ruling. At bottom, it appears that Plaintiff merely rehashes arguments already raised and rejected. In any event, Plaintiff's allegations of fraud "fall well short of the requirement that fraud be pleaded with particularity." *Leitner*, 2020 WL 7128972, at *6.

*Third*, Plaintiff seeks reconsideration of this Court's ruling that she failed to state a claim of discrimination on account of her disability. Dkt. 60 at 6–7; *Leitner*, 2020 WL 7128972, at *7. Plaintiff argues that her second amended complaint did allege the nature of her disability, arguing that she "explicitly state[d] it is Post Traumatic Stress disorder (PTSD)." Dkt. 60 at 6. While Plaintiff did mention PTSD in her complaint, one reference in paragraph 466, in the "Damages" section, Dkt. 17 ¶ 466, falls far short of identifying for the parties and the Court that asserted basis for her disability claim. "Judges are not like pigs, hunting for truffles buried in" the record. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Nor does Plaintiff's second amended complaint include factual allegations that would show that Plaintiff was excluded from the program on the basis of her disability, "a claim made even more implausible as Plaintiff has alleged that Liberty Defendants themselves 'created' her disability through her challenged conduct." *Leitner*, 2020 WL 7128972, at *7. Plaintiff has not identified much less substantiated any of the limited bases for reconsideration on this count.

*Fourth*, Plaintiff seeks reconsideration of this Court's ruling that she failed to state a claim of negligence. Dkt. 60 at 7–8; *Leitner*, 2020 WL 7128972, at *10-11. Plaintiff seeks to raise a new theory to the effect that Defendants failed to abide by a duty to protect Plaintiff from "bullying." Dkt. 60 at 7–8. The Court concludes that this argument is merely an attempt to improperly raise a wholly new theory on reconsideration notwithstanding the Court's rejection of her numerous other theories of negligence. *Leitner*, 2020 WL 7128972, at *10-11. Plaintiff has not identified much less substantiated how any of the limited bases for reconsideration are warranted on this count. The Court finds that none apply.

*Fifth*, none of Plaintiff's arguments requesting reconsideration of the Court's ruling dismissing her other counts have merit. *See* Dkt. 60 at 7, 9. Nor, again, as Plaintiff identified much less substantiated how any of the limited bases for reconsideration are applicable on these remaining counts. *See Wootten*, 168 F. Supp. 3d at 893.

For these reasons, the Court will, in an accompanying Order, to follow, grant Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint, Dkts. 62, 65, and will deny Plaintiff's Motion for Reconsideration, Dkt. 60. The Court will dismiss Plaintiff's remaining claim *with prejudice*, and close this case.

The Clerk of Court is directed to send this Memorandum Opinion and accompanying Order to all parties in the case.

Entered this  30th  day of September, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE